UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WILBUR CHARLES DUPREE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 1:05-CV-65 |
| | ) | |
| WARDEN HOBBS, PAULETTE JOHNSON, | ) | |
| CHIEF QUINN, and CORPORAL BAILEY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM and ORDER

Charles W. Dupree, a prisoner in CCA Silverdale, brings this *pro se* civil rights complaint under 42 U.S.C. § 1983 against several Silverdale officials and correctional officers. The Plaintiff's application to proceed *in forma pauperis* is **GRANTED.** However, since he is a prisoner, he is **ASSESSED** the full filing fee of two hundred, fifty dollars ($250.00). 28 U.S.C. § 1914(a); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997).

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of:

   (a)   twenty percent (20%) of the average monthly deposits
         to the Plaintiff's inmate trust account;

   or

   (b)   twenty percent (20%) of the average monthly balance
         in his inmate trust account for the six-month period
         preceding the filing of the complaint on February 9,
         2005.

Thereafter, the custodian shall submit twenty percent (20%) of the Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 has been paid to the Clerk's Office. *McGore*, 114 F.3d at 607.

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the custodian of inmate accounts at the facility wherein the Plaintiff is housed, to ensure full compliance with the fee assessment procedures.

The complaint contains the allegations which follow. On January 19, 2005, while he was being booked into the CCA Silverdale, the Plaintiff was told he was going to be assigned a cell in Charlie Three. Since the Plaintiff understood that Charlie Three was used to house pre-trial detainees, the Plaintiff (who, presumably, is a convicted person), inquired as to why he was being placed in this particular area of the facility. In response, the booking officer asked him, "Are you questioning my authority?" The Plaintiff replied, "No sir, can I talk to someone who is over you?" This request was denied and, though inmates who were booked after him were celled in the general population, the Plaintiff was placed in a cell by himself in Golf One (an area located one level below the "hole"). The Plaintiff, who was not given a disciplinary write-up, was told there were no vacant beds in general population. When he asked for a different housing assignment, he was informed he would be moved when a bed became available.

At some point, an officer who was discussing this matter with the Plaintiff's sister explained that the Plaintiff had cursed the booking officer and would remain in Golf One until he calmed down. (The Plaintiff denies cursing the officer). Both he and members of his family attempted to resolve the dispute over the cell assignment, but the Plaintiff remained in Golf One for two weeks.

The Plaintiff maintains he was denied due process by being assigned to Golf One and by being falsely accused of cursing the booking officer. For these claimed violations of his rights, he seeks a written explanation and unidentified "legal action"against the defendants.

Under 42 U.S.C. § 1997e(a), a prisoner may not bring a § 1983 civil rights action in federal court until such time as he shall have exhausted his available administrative remedies.[1] *See Brown v. Toombs*, 139 F.3d.1102, 1103-04 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998). It is the prisoner's burden to demonstrate he has exhausted those remedies and, in fulfilment of his burden, he should attach to his complaint a copy of the administrative decision showing the administrative disposition of his complaint. *Id.* at 1104. A prisoner may also show exhaustion of administrative remedies by describing with specificity the administrative proceeding and its outcome. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 531 U.S. 1040 (2000).

In paragraph II of his complaint, the Plaintiff asserts Silverdale has a grievance procedure and that he has filed "over seven (7) grievances with no response and no action taken." The Plaintiff, however, has not attached a copy of any of his grievances. Nor has he specifically described the nature of the grievances. Apart from his conclusory assertions that he filed grievances, there is absolutely no evidence to show the Plaintiff has exhausted his administrative remedies by presenting the facts underlying his § 1983 claims to the jail authorities. *See Williams v. Johnson*, 20 Fed.Appx. 365, *367, 2001 WL 1136022, **1 (6th Cir. Sept. 20, 2001). Nevertheless, a complaint need not be dismissed for failure to exhaust, if the screening of the complaint shows the

---

[1] The statute reads: "No action shall be brought with respect to prison conditions under § 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available shall be exhausted." 42 U.S.C. § 1997e(a).

allegations do not state a claim in the first place.[2] *Brown*, 139 F.3d at 1104. This is the situation in this case.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege he has been deprived of a right, privilege, or immunity secured by the Constitution of the United States and that the person causing the deprivation was acting under color of state law. *Flagg Bros. V. Brooks*, 436 U.S. 149, 155-57 (1978). Here, the constitutional violation alleged by Plaintiff is his right to due process. After reviewing all Plaintiff's allegations, the Court finds they do not state a cognizable § 1983 claim because he has failed to show the first element, i.e., the deprivation of a right secured by the Constitution and laws of the United States.

The Fourteenth Amendment to the United States Constitution protects against a state actor depriving a person of life, liberty, or property without due process of law. *See e.g., Bailey v. Floyd County Bd. Of Educ.*, 106 F.3d 135, 140-141 (6th Cir. 1999). The Plaintiff's allegations do not support a Fourteenth Amendment due process claim.

There is no due process right to be housed in any particular facility, or not to be transferred to a more restrictive institution. *Montayne v. Haynes*, 427 U S 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Logically therefore, an inmate has no constitutional right to be confined in a particular cell within that prison. *Williams v. Faulkner*, 837 F.2d 304, 309 (7th Cir.1988), *aff'd sub nom.*, *Neitzke v. Williams*, 490 U.S. 319 (1989) (stating that prisoners have no protected interest in a particular housing assignment). Moreover, there is no indication that the Plaintiff's housing in

---

[2] The Court must screen the complaint to determine whether it should be dismissed as frivolous, malicious or for failure to state a claim or whether monetary damages are sought from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A.

4

"Golf One' imposed an atypical or unusual hardship on him in relation to the ordinary incidents of prison life or that it will inevitably affect the duration of his sentence. *Sandin v. Connor*, 515 U.S. 472, 487 (1995). Therefore, he has failed to state a cognizable constitutional claim with respect to his cell-assignment claim.

Additionally, an allegation that a guard has falsely accused a prisoner of engaging in conduct, without more, does not state a section 1983 claim because harm or injury to reputation, even if it is inflicted by an officer of the state, does not result in a deprivation of any "liberty" or "property" protected by the Due Process Clause. *Paul v. Davis*, 424 U.S. 693, 712 (1976). Simply put, the Plaintiff does not enjoy constitutional protection from false accusations of misconduct per se. *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir.1986). Thus, the false-accusation claim does not state a recognizable § 1983 either.

Because the Plaintiff has failed to state a valid constitutional claim, this action will be **DISMISSED** by separate order.


            **ENTER**:


                              _____/s/_____
                              **CURTIS L. COLLIER**
                              **UNITED STATES DISTRICT JUDGE**